# Leighton *v.* Journal Printing & Publishing Company, Appellant.

*Landlord and tenant—Rent—Acknowledgment of indebtedness—Affidavit of defense.*

Where a tenant acknowledges in writing that he owes a certain amount for rent to his landlord, he cannot afterwards set up as a defense to the payment of this amount that prior to the date of the acknowledgment he had been evicted, and that the landlord had entered into an oral agreement to execute a new lease on the same terms as the original lease.

Argued April 15, 1910. Appeal, No. 57, April T., 1910, by defendant, from order of C. P. No. 2, Allegheny Co., July T., 1909, No. 723, making absolute rule for judgment for want of a sufficient affidavit of defense in case of H. S. Leighton v. Journal Printing & Publishing Company. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for rent in arrears.

Rule for judgment for want of a sufficient affidavit of defense.

SHAFER, J., filed the following opinion:

The action is upon a lease, for rent in arrear, plaintiff setting out a copy of the lease, which is for five years from April 1, 1906, at $80.00 per month in advance; a waiver of appraisement signed by the defendant company and delivered to the plaintiff in November, 1908, and a statement of the payments on the rent made by defendant. The waiver of appraisement referred to admits that in November, 1908, there was owing $620.18 for rent and costs, and agrees to a delay of appraisement and sale on the part of the constable representing the landlord. The statement of rent due shows that the rent due in November, 1908, was $589.18, and the costs were $31.00. The

affidavit of defense admits the making of the waiver of appraisement and acknowledgment of indebtedness for rent and costs in the sum of $620.18, but says that the defendant at the same time claimed that there were certain deductions to be set off against the rent. It is further alleged that a fire occurred in the demised premises on May 23, 1908, making them untenantable, and that the plaintiff without the consent of the defendants entered upon the premises and reconstructed them upon an entirely different plan from the original premises, which entry they say amounts to an eviction, and they further say that the lease sued upon was on or about June 23, 1908, ended and determined by reason of this eviction. They further say that soon after the time of the fire on May 23, 1908, an oral agreement was entered into that the plaintiff would execute a new lease, the terms of which were that the rent should be $80.00 per month; that the tenancy was to expire April 1, 1911, and the tenant was to pay for water, gas and electric lights, which, so far as we can see, is precisely the lease which already existed; and that it was further agreed that the plaintiff should proceed to complete the repairs to the building and finish the same at the earliest date possible, so as to be adapted to the needs of the corporation, and that in this way the defendants were induced to continue in possession of the premises as tenants, and that the plaintiff has wholly failed to carry into execution that part of the agreement, that the building was never completed; that upwards of one-half of the building was wholly uncompleted, and that fully one-half of the rooms were untenantable, and that in consequence thereof the possession by the tenant of the building was seriously interfered with and the defendants "were unable to transact their business therein with that degree of facility which said business demanded." The affidavit then proceeds to set out that the defendants have suffered great damage, that the capacity of the plant was reduced, and that they have not been able to use a sufficient number

of employees to expedite the business, and that the cost
of filling of orders was greatly enhanced; all of which was
claimed as set-off, together with the profits on the pro-
duction it would have made but for the destruction of the
elements on account of the untenantable condition, $700;
damages to machinery and equipment for the same
reason, $500; damages to goods of the president of the
company for the same reason, $1,000; and that a second
fire occurred in March, 1909, which greatly damaged the
building, and the plaintiff has not repaired the same.
As all the matters supposed to amount to an eviction, and
the oral contract to make a new lease and the alleged
failure to perform it happened before November, 1908,
when the company admitted its liability for rent up to
that time, and by that admission procured delay of pro-
ceedings instituted against them for the collection of the
rent, it would seem that the defendants ought not to be
allowed to set up these matters at this time as a defense.

The oral agreement to lease which is alleged to have
been made being on precisely the same terms as the
original lease would seem to furnish no consideration for
the alleged promise on the part of the plaintiff to rebuild
the premises, and no other consideration is alleged, and
even if the plaintiff had made a valid agreement to re-
pair, the denial that he did so is very vague and indefinite.
The defendant simply says that the building was not
completed, that a number of the rooms were absolutely
untenantable, and that the consequence of this was that
the defendants were unable to transact their business
therein with the facility which their business demanded.
This leaves it entirely uncertain in what respect the
building lacked completion. According to the defendants'
own account they were to pay rent at $80.00 a month
during the time when the plaintiff was making the re-
pairs. It is not alleged that any agreement was entered
into as to when these repairs were to be finished, nor that
the plaintiff has had a reasonable time to repair.

In view of the agreement of November, 1908, which

was after the matters set up in defense had taken place, and the vague and uncertain character of the allegation as to a new contract and its breach, there would seem to be no reason why the defendants should not pay the rent they agreed to pay for the premises, which they have occupied all the time.   It seems to us, however, that the charge for constable's costs included in the plaintiff's bill of $31.00 is not recoverable in this action, and that amount should be deducted from the plaintiff's claim.

The rule for judgment is made absolute for the amount claimed, less $31.00.   To which defendant excepts and at its instance bill sealed.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Joseph F. Mayhugh,* for appellant.

*S. R. McClure,* for appellee.

PER CURIAM, May 12, 1910:

After a careful consideration of the statement of claim and affidavit of defense and the arguments of counsel, we all concur in the conclusion reached by the learned judge of the Common Pleas and the reasons therefor set forth in his opinion.

The judgment is affirmed.